**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM COLBERT,**

        **Petitioner,**

**v.**                                     **Civil Action No. 1:12cv90**
                                        **Criminal Action No. 1:06cr94-1**
                                         **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 29, 2012, the *pro se* petitioner, an inmate now incarcerated at U.S.P. McCreary in Pine Knot, Kentucky, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt.# 148), alleging ineffective assistance of counsel and intervening substantive changes in the law requiring retroactive application to cases on collateral review, pursuant to the Supreme Court's holdings in Depierre v. United States[1] and Carachuri-Rosendo v. Holder,[2] and the Fourth Circuit Court of Appeal's holding in United States v. Simmons.[3]

This case, which is pending before me for initial review and report and recommendation pursuant to LR PL P 2 is ripe for review.

### II. FACTS

**A. Conviction and Sentence**

On September 13, 2006, the Grand Jury named petitioner in four counts of a six-count

---

[1] Depierre v. United States, 131 S.Ct. 2255 (2011).

[2] Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

[3] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

indictment. On November 7, 2006, petitioner signed a plea agreement (Dkt.# 32) in which he agreed to plead guilty to Count Two of the indictment, distribution of crack cocaine in violation of Title 21, U.S.C., §§ 841(a)(1) and 841(b)(I)(C). In the plea agreement, the parties stipulated to total drug relevant conduct of between 50 and 500 grams of crack cocaine. Petitioner also waived his right to appeal and to collaterally attack his sentence, including waiving the right to file a motion brought pursuant to 28 U.S.C. §2255. On December 1, 2006, petitioner entered his plea in open court (Dkt.# 109), and on March 12, 2007, the Court sentenced him to 151 months of imprisonment, the lowest end of the guideline range, followed by three years supervised release. (Dkt.# 108 at 15).

**B. Appeal**

The petitioner did not pursue a direct appeal.

**C. Federal Habeas Corpus**

**First §2255 motion (Dkt.# 60)**

Petitioner filed his first §2255 motion on January 21, 2010,[4] asserting two grounds of ineffective assistance of counsel ("IAC"), alleging that pre-plea, counsel misadvised him regarding the length of his potential sentence, and that after sentencing, that counsel failed to file an appeal on his behalf. Because the petition was untimely by twenty-one months and twenty-nine days, on February 2, 2010, the Court issued a Hill v. Braxton notice. On February 22, 2010, a review of the docket revealed no proof that petitioner had ever received the Hill v Braxton notice, and so it was re-sent. (Dkt.# 76). Later that day, petitioner filed a motion to amend his § 2255 petition.[5] The

---

[4] On January 5, 2010, the *pro se* petitioner wrote a letter to the District Judge that was later construed to be a § 2255 motion, after petitioner elected to proceed under 28 USC § 2255.

[5] In it, he cited the need to amend his complaint in order to respond to the Hill v. Braxton notice, which he had apparently received, after all, and to more fully set forth his claims.

2

motion was granted by Order entered the same day, and the amended § 2255 petition (Dkt.# 81) was filed March 4, 2010. It reiterated his original claims and raised two new ones, alleging that his conviction was obtained by virtue of a defective plea, because he was suffering from a mental disease or defect at the time, impairing his ability to fully understand the nature of the charge and its consequences; and that counsel was ineffective for failing to notify the Court of his mental disease or defect and for not seeking a competency determination on his behalf. On April 19, 2010, petitioner finally responded to the Hill v Braxton notices. (Dkt.# 85).[6]

On May 13, 2010, the Government responded (Dkt.# 95); petitioner replied on May 21, 2010. (Dkt.# 97). On June 21, 2011, this Court entered an R&R, recommending an evidentiary hearing on the sole issue of whether Petitioner had instructed his counsel to file an appeal. (Dkt.# 110). On August 10, 2011, the evidentiary hearing was held; petitioner appeared in person and by counsel, and the Government appeared by video, by counsel Zelda Wesley, Assistant United States Attorney ("AUSA"). (Dkt.# 121.) Also appearing by video as a witness was petitioner's former counsel, Brian J. Kornbrath, Federal Public Defender for the Northern District of West Virginia. After considering the parties' briefs, the testimony and evidence adduced and produced at the hearing, the Court issued its R&R to the District Judge, finding that petitioner had not carried his burden showing he had unequivocally instructed his attorney to file a Notice of Appeal, or that his attorney had a duty to consult under Roe v. Flores-Ortega, 528 U.S. 470 (2000), and that even if petitioner had so instructed his attorney, all his claims were untimely, and he had not met his burden of demonstrating his entitlement to equitable tolling. After both parties filed objections, by

---

[6] Despite having been given 30 days in which to respond, petitioner's response was filed nearly eleven weeks after receiving the first copy of the Hill v. Braxton notice and seven weeks after receiving the second copy of the Hill v. Braxton notice.

3

Memorandum Opinion and Order entered March 28, 2013, the Court accepted Magistrate Judge Joel's September 9, 2011 R&R, and, consistent with its recommendation, denied petitioner's §2255 motion as untimely, dismissing the habeas corpus action with prejudice and declining to issue a certificate of appealability.

**Second §2255 (Dkt.# 148)**

On May 29, 2012, petitioner filed the instant §2255 motion, asserting three grounds for relief, the first of which was previously presented, albeit with less specificity, in his first §2255 motion:

    1) Appellate counsel was ineffective for failing to raise as grounds for appeal the issue of whether the government had "obtained authorization and appeal from the DOJ to initiate and continue federal prosecution required by Petite policy §9.27-031-300 [sic] but . . . [counsel] failed to do so" after being specifically instructed to; and

    2) a substantive intervening change in law, announced in DePierre v. United States, unavailable when he filed his first §2255 motion, requires retroactive application in a §2255 proceeding. DePierre defines the terms 'cocaine' and 'cocaine base' to both mean "chemically basic cocaine offenses involving a mixture or substances which contains such cocaine [sic] will always be penalized according to the lower quantity thresholds of Clause (III), and never the higher quantity thresholds clause (II) establishes for mixtures and substances contain cocaine [sic]." Petitioner contends that DePierre renders his conviction for possession with intent to distribute 50 grams of crack cocaine a "non-existent offense;" and

    3) because of the "new Supreme Court intervening substandtions [sic] change in interpretation of §924(e) USSG §4B1.1 career offender inhancement [sic] and 851 notice requirements as interpreted in Carachuri-Rosendo v. Holder and United States v. Simmons," he is actually innocent of the career offender enhancement.

As relief, petitioner seeks vacation of his conviction and sentence, to gain immediate discharge from "unlawful incarceration due to wrongful conviction, and fundamental miscarriage of justice."

**D. Other Collateral Proceedings**

On May 5, 2010, petitioner filed a Motion for Retroactive Application of Sentencing

4

Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. 3582 with a memorandum in support. (Dkt.# 90 and 91). By Order entered on November 22, 2011, the motion was denied. (Dkt.# 132).

On November 29, 2011, petitioner filed a Motion to Correct 3582 Motion. (Dkt.# 136). A ruling on that motion is still pending.

E. **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the Court's docket because it is, even more than his first §2255 motion, clearly untimely. Moreover, it is a second and successive motion for which petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

### III. ANALYSIS

A. **Statute of limitations for filing a 28 USC §2255 Motion**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[7]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

---

[7] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied*, 523 U.S. 371 (1998).

applicable to cases on collateral review;[8] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In his Memorandum in Support of his instant and second §2255 motion, petitioner offers as an explanation as to why the one-year statute of limitations for filing a §2255 motion should not bar his motion: "DePierre [sic] was decided June 9, 2011, approx. 11 months 16 days [sic] ago. This motion is timely filed on the 2nd day of Feb. 2012. [sic] approx. 4 months before June 9, 2012, the one year deadline under the AEDPA of 1996 statute of limitation period. Therefore, this motion should be granted . . . Lafler v. Cooper [sic] and Missouri v. Frye [sic] was [sic] decided October 31, 2011. Movant has 5 months before the deadline ends to raise these issues of ineffective assistance of counsel." (Dkt.# 148 at 13).

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089, n.1 (11th Cir. 2000). There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if upon disposition of a direct appeal, a federal prisoner files a writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. *See* Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not timely file a *certiorari* petition after disposition of his direct appeal, the conviction becomes final on the date on

---

[8] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, 125 S.Ct. 2478 (2005).

which the prisoner's time for filing such a petition expires, or ninety days after the entry of the judgment on direct appeal. *See* Clay v. United States, 537 U.S. 522, 532 (2003). Here, neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. See (See Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6)). Therefore, petitioner's conviction became final on March 23, 2007, the date his time to file a direct appeal expired. Accordingly, he had until March 23, 2008 to file his habeas corpus petition under AEDPA. Because he did not file this present §2255 motion until May 29, 2012, it is even more untimely than his previous §2255 motion.

**B.    Second and Successive §2255 Motions Prohibited**

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in §2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Although petitioner's first § 2255 motion was dismissed on statute of limitations grounds, such a dismissal is akin to a dismissal on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. *See* Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); *see also* United States v. Casas, No. 01 C 1848, 2001

7

WL 1002511, *2 (N.D. Ill. Aug. 30, 2001); United States v. Flanory, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002).

Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file his successive §2255 motion in this Court.[9] Therefore, pursuant to 28 U.S.C. §2244 and §2255, the Court has no jurisdiction over this matter and must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit Court of Appeals so that it may perform its "gatekeeping function under §2244(b)(3)." *See* United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Consequently, without addressing the merits of petitioner's repetitive and inapposite claims,[10] the undersigned recommends that petitioner's §2255 motion be denied with prejudice as untimely, and also for lack of jurisdiction.

## IV. **CONCLUSION**

---

[9] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[10] Petitioner's reliance on the June 9, 2011 DePierre decision as a new rule of constitutional law, previously unavailable when he filed his first §2255 petition, made retroactive to cases on collateral review, is misplaced. DePierre is merely a clarification of the terms of a criminal statute already in effect when petitioner was convicted, an interpretation of the meaning, within 21 U.S.C. § 841(b)(1)(A)(iii) of "cocaine base" and "crack cocaine." The DePierre court held that the term "cocaine base," as used in 21 U.S.C. § 841(b)(1), meant not only "crack cocaine," but cocaine in its chemically basic form. DePierre not only does not nullify petitioner's conviction for possession with intent to distribute 50 grams of crack cocaine, there is no issue of retroactivity. See Fiore v. White, 531 U.S. 225 (2001) (where an interpretation of state law merely clarifies the plain language of a statute that was the proper statement of law at the time of a defendant's conviction, there is no issue of retroactivity); Dixon v. Miller, 293 F. 3d 74,79 (2nd Cir. 2002) (Where a state's highest court for the first time interprets a criminal statute to require proof of a particular element and that interpretation does not create new law but merely clarifies what the law was at the time of a defendant's conviction, there is "no issue of retroactivity."). Because DePierre did not give a new interpretation to 21 U.S.C. § 841(b)(1)(A)(iii), it provides no relief to petitioner. Further, the Fourth Circuit ruled in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), that neither Carachuri nor Simmons were retroactively applicable to cases on collateral review.

The undersigned recommends that the Court enter an Order **DENYING WITH PREJUDICE** petitioner's motion, dismissing the case from the docket as untimely and also for lack of jurisdiction as a second or successive motion for which petitioner did not receive the Fourth Circuit Court of Appeals' authorization to file.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by April 15, 2013**, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert denied,* 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket.

The Clerk is further directed to terminate the referral of this action to the undersigned.

DATED: April 1, 2013

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE